***********
The undersigned have reviewed the prior Order based upon the record before Deputy Commissioner Hall and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence. The Full Commission adopts the Order of Deputy Commissioner Hall with modifications and enters the following Opinion and Award.
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows: *Page 2 
 FINDINGS OF FACT
1. Plaintiff sustained an admittedly compensable injury by accident on June 10, 2005. Defendant filed a Form 60 on August 8, 2005 accepting the injury of strain of upper and lower back. A Form 28B was filed on March 7, 2006.
2. On plaintiff's behalf, Attorney Robert Whitlow filed a Form 33 on July 21, 2006. Defendant filed a Form 33R on August 1, 2006. Attorney Whitlow was subsequently allowed to withdraw as plaintiff's counsel. At which time, plaintiff retained Attorney Ken Harris.
3. Following an unsuccessful mediation, the parties were eventually able to negotiate a settlement agreement. Therefore, the case was removed from the hearing docket by Deputy Commissioner Bradley Houser on August 8, 2007. However, plaintiff refused to execute the settlement agreement.
4. On September 11, 2008, Attorney Ken Harris was allowed to withdraw as plaintiff's counsel by Order of Deputy Commissioner Houser. In the same Order, it was ordered that the case was to be placed back on the active hearing docket.
5. Plaintiff's case was rescheduled for hearing before Deputy Commissioner J. Brad Donovan on November 15, 2007. Plaintiff did not appear at the hearing. At that time Deputy Commissioner Donovan granted defendant's Motion to Dismiss Without Prejudice. Deputy Commissioner Donovan's Order noted that there was not evidence in the file that plaintiff received the calendar.
6. On December 31, 2007, plaintiff filed another Form 33. Defendant responded with a Form 33R on January 17, 2008. This matter was then scheduled to be heard by Deputy Commissioner Hall on March 19, 2008 in Charlotte, North Carolina. Plaintiff requested a continuance on February 15, 2008. Deputy Commissioner Hall denied plaintiff's request for a *Page 3 
continuance, but informed plaintiff that her request for a continuance would be reconsidered if plaintiff obtained an attorney. Plaintiff did not obtain an attorney.
7. Plaintiff was served with a copy of the March 19, 2008 hearing calendar by certified mail on February 8, 2008. However, plaintiff failed to appear at the hearing.
8. The Full Commission finds that plaintiff had several opportunities to prosecute her claim but failed to do so. Plaintiff's unreasonable delay of this matter has prejudiced defendant and no sanction short of dismissal would suffice.
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 CONCLUSIONS OF LAW
1. Pursuant to N.C.I.C. Rule 614, any claim may be dismissed with or without prejudice by the Industrial Commission for failure to prosecute or to comply with the Rules or any Order of the Commission.
2. As plaintiff failed to prosecute her claim, plaintiff's claim shall be dismissed with prejudice. Id.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. Each side shall bear its own costs.
 This the 21st day of October 2008. *Page 4 
S/___________________ BUCK LATTIMORE COMMISSIONER
CONCURRING:
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1